IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 3:09-00196

EDDIE D. JONES
      also known as "D"

## MEMORANDUM OPINION AND ORDER

Pending are the defendant's Motion for Suppression of Evidence (Doc. #30), Motion for Supplemental Discovery (Doc. #31), and Motion to File Additional Motions (Doc # 32). For the reasons stated below, the Court **RULES** as follows.

### Defendant's Motion to Suppress

In his motion to suppress, the defendant seeks to suppress statements made by him to Government agents without prior *Miranda* warnings, after he was restrained, during the search of his residence on May 27, 2009. In its response, the Government indicates that it does not intend to offer such statements as evidence in its case in chief, but that it reserves the right to offer said statements as impeachment or rebuttal evidence. As long as they are shown to be otherwise voluntary, "statements obtained in violation of *Miranda* may be used on cross-examination to impeach the defendant who made them." *U.S. v. Gullet*, 75 F.3d 941, 946 (4th Cir. 1996) (citing *Harris v. New York*, 401 U.S. 222, 225-26 (1971)). Thus, in light of the Government's response, the Court declines to address whether the statements at issue were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and **RULES** that, if shown to be made voluntarily, said statements

may be used for the limited purpose of impeachment or rebuttal.

## Defendant's Motion for Supplemental Discovery

In his motion for supplemental discovery, the defendant moves for the production of scientific test results in the custody of the Government, including: (1) chemical tests of alleged "heroin" found in the residence of Raymond Roe, (2) chemical tests of any residue found on items seized in Mr. Jones' residence, (3) functionality test results of the .32 pistol seized from the residence of Raymond Roe, and (4) functionality test results of the .22 rifle and .380 pistol seized from Mr. Jones' residence. Also, the defendant requests production of any documents related to the search warrant signed in furtherance of the Government's search of Mr. Jones' residence on May 27, 2009.

In its response, the Government represents that it has disclosed to the defendant the laboratory reports concerning the alleged "heroin" found at the residence of Raymond Roe and the requested reports related to the .32 caliber pistol found there. Accordingly, with respect to each of these reports, the defendant's motion is **DENIED as moot.**

In its response, the Government also argues that the defendant's motion should be denied as moot, with regard to the remaining requests for production, because: (1) the Government does not intend to introduce evidence of the residue or the firearms found at Mr. Jones' residence in its case in chief, and (2) the Government "does not intend to introduce as evidence items seized during the search of the defendant's residence." *U.S.' Resp.* (Doc. #36). The Court disagrees. First, Federal Rule of Criminal Procedure 16(a)(1)(F) provides that, "[u]pon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the

government's possession, custody, or control; (ii) the attorney for the government knows–or through due diligence could know–that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial." *Fed. R. Crim. P. 16(a)(1)(F)*. Although the Government represents that it does not intend to introduce evidence of the residue or the firearms found at the defendant's residence in its case in chief, the Court **FINDS** that such evidence is material to the preparation of Mr. Jones' defense. Thus, because the other elements of the test established by Rule 16 are satisfied, the defendant's motion is **GRANTED** insofar as it requests production of test results related to the residue and the firearms found at Mr. Jones' residence.

Finally, with regard to the defendant's request for the production of any documents related to the search warrant signed in furtherance of the Government's search of his house on May 27, 2009, the Court **GRANTS** the motion. Although the Government represents that it "does not intend to introduce as evidence items seized during the search of the defendant's residence," *U.S.' Resp.* (Doc. #36), it is the Court's understanding that both the residue and the firearms discussed above were found in the course of the May 27, 2009, search. As a result, it appears reasonable to assume that the Government is contemplating offering, at a minimum, the residue and the firearms seized during the search of the defendant's residence as impeachment or rebuttal evidence. The Fourth Amendment requires that any judicial officer issuing a search warrant determine that there is probable cause to search prior to issuance. *See U.S. Const. amend. IV*. Thus, as a threshold matter, a defendant has a right to challenge the validity of a search warrant used to obtain evidence against him. Accordingly, the defendant's motion is **GRANTED** and, if the Government does plan to offer as evidence any items seized during the search of the defendant's residence, or any information or

evidence obtained as a result of said search, the Government must produce any documents related to the search warrant.

### Defendant's Motion to File Additional Motions

Finally, the defendant moves to reserve his right to file additional motions in this action. In the Arraignment Order entered in this case, on October 27, 2009, trial was set for January 5, 2010, with a pretrial motions hearing to be held December 21, 2009. Since October 27, 2009, the Court has granted several motions to continue this case, most recently, granting an unopposed motion to continue filed by the United States on March 25, 2010. In light of these prior continuances, the Court **FINDS** that counsel for both parties have been provided adequate time to: (1) review the facts and legal issues presented by this matter, and (2) file pretrial motions, accordingly. Therefore, the defendant's motion is **DENIED without prejudice.** Leave to file additional motions will be granted only insofar as either party can demonstrate that such motion is based upon a legal issue or set of facts which, despite its due diligence, were not apparent to that party on or before the March 15, 2010, deadline for pretrial motions.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     April 13, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE